UN WO SANG CO. *vs.* T. ALO, *et al.*

APPEAL FROM CHANCELLOR JUDD, OVERRULING PLEA IN BAR.

SPECIAL TERM, MARCH, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

The bill alleged that the water right in question had always been and now is of right belonging to and appurtenant to the demised premises.

A prior bill between the parties was pleaded in bar, which contained the allegation that the lessors informed the lessees that the water right was demised to them as appurtenant to the premises.

Plea held bad, as the allegations are not the same.

OPINION OF THE COURT, BY JUDD, C.J.

On this appeal a close comparison of the bills of the 6th December, 1887, and 3d January, 1889, shows that there is still a question between these parties open and undecided.

In the first mentioned bill the allegation is: "That within the premises demised by said lease from George Charman is a valuable water course, whereby the premises demised to your orators under said first above-named lease necessarily obtain water for irrigation, and which said water-course, together with the water right belonging thereto, your orators, at the time of taking their aforesaid lease, were informed by their said lessors was demised unto them as appurtenant to the demised premises."

In the second mentioned bill, to which the first bill is pleaded in bar, the correponding allegation is: "That at the date of the said lease, and for some time prior thereto, a certain water-course and water right had been used and enjoyed by the said lessors as appurtenant and belonging to the premises demised under said lease, and always has been and now is of right belonging and appurtenant thereto, and that said demised premises can be irrigated for the purposes of cultivation from no

other source, and at the time of taking the said lease your orators were informed by said lessors that the same was so appurtenant."

While it is quite true, as stated by the Chancellor in the decision appealed from, that the question of the assurance or representation by the defendants to the plaintiffs that the water right was appurtenant to the premises, and included in the lease, was not passed upon by the Court under the second bill, the rules of law would not allow a fresh suit between the same parties upon the same allegations, and both these bills contain allegations *(vide supra)* to the effect that the lessors informed the lessees that the water right was appurtenant to the demised premises.

The last bill, however, contains the allegation that "at the date of the said lease, and for some time prior thereto, a certain water-course and water right had been used and enjoyed by the said lessors as appurtenant and belonging to the premises demised under said lease, and always has been and now is of right belonging and appurtenant thereto," etc.

No similar averments are stated in the prior bill pleaded in bar, and the question as to whether the water-course and water right is in fact an appurtenance of the demised premises is still open on the pleadings and proofs between the parties.

In an earlier bill between the parties (of the 4th September, 1887), there is an allegation that the water-course is appurtenant to the premises, but this bill is not pleaded in bar.

We therefore overrule the plea in bar.

*A. S. Hartwell*, for plaintiffs.

*P. Neumann* and *C. L. Carter*, for defendants.